DAVID SILVER, ESQ. (California Bar No. 312445)
david@bayramoglu-legal.com
**BAYRAMOGLU LAW OFFICES LLC**
1540 West Warm Springs Road, Suite 100
Henderson, NV 89014
Telephone:  702.462.5973
Facsimile:   702.553.3404
*Attorneys for Plaintiff*

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ASTRAL IP ENTERPRISE LTD., a Canadian limited company,<br><br>Plaintiff,<br><br>v.<br><br>OHealthApps Studio,<br><br>Defendant. | Case No.:<br><br>**COMPLAINT FOR**<br>(1) **FEDERAL TRADEMARK INFRINGEMENT**<br>(2) **CALIFORNIA COMMON LAW TRADEMARK INFRINGEMENT**<br>(3) **FEDERAL COPYRIGHT INFRINGEMENT**<br>(4) **FEDERAL UNFAIR COMPETITION**<br>(5) **CALIFORNIA STATUTORY UNFAIR COMPETITION**<br><br>**JURY TRIAL DEMANDED** |

Plaintiff, Astral IP Enterprise Ltd. ("Plaintiff"), by and through its attorneys of record, appears and states by way of the Complaint and alleges the following

against Defendant OHealthApps Studio ("Defendant"), and alleges based on information and belief as follows:

## PARTIES

1. Plaintiff has its principal place of business at Suite 1510, 800 West Pender Street Vancouver, BC Canada V6C2V6.

2. Defendant OHealthApps Studio is a mobile application developer that developed and offers mobile applications on the Google Play store. There is no name other than "OHealthApps Studio" listed on Google Play and the developer's claimed website is nothing but a blank "blogspot" webpage with no information.

3. At such time as Plaintiff learns the true names, identities, and capacities of Defendant, Plaintiff will amend this Complaint to reflect such names and capacities.

## JURISDICTION AND VENUE

4. This action is brought under, and subject matter jurisdiction of this matter is vested in this Court through, 28 U.S.C. § 1331 (Federal Question Jurisdiction) and 1338 (action arising under an Act of Congress relating to trademarks and copyrights). This action is also brought under the trademark laws of the United States, U.S. Trademark Act of 1946, as amended, (15 U.S.C. § 1051 *et seq*.), under the copyright laws of the United States, Copyright Act of 1976, as amended, (17 U.S.C. § 101 *et seq*.), and Federal Unfair Competition under Section 43 of the Lanham Act (15 U.S.C. § 1125).

5. The Court has supplemental jurisdiction over all state and common law claims pursuant to 28 U.S.C. § 1367. The state law claims are integrally related to the federal claims and arise from a common nucleus of operative facts.

6. Venue is proper in this action under 28 U.S.C. § 1391 because Defendant does business within the state of California, a substantial part of the harm from the events or omissions giving rise to the claims occurred in this District, and because the Defendant is subject to personal jurisdiction in this District.

7. Defendant's mobile applications are available throughout the United States and are available on the Google Play website. On information and belief, consumers within the Central District of California have downloaded and have made, and are continuing to make, purchases from Defendant's mobile applications. Therefore, Plaintiff's claims of infringement include transactions that happen on a regular basis within California's jurisdiction.

8. Defendant transacted and conducted, and continues to transact and conduct, business in this judicial district, purposefully availing itself of the benefits and laws of this judicial district and purposefully directing significant and substantive contacts at this judicial district. Defendant maintains ongoing contractual relationships within this district and conducts or solicits business within this district. Defendant directly and/or through intermediaries, offers for sale, sells, and advertises its products that are pertinent to this action within this district.

9. On information and belief, Defendant is not a resident of the United States. Therefore, for venue purposes under 28 U.S.C. § 1391(c)(3), Defendant may be sued in any judicial district, including the Central District of California.

# BACKGROUND FACTS

10. Plaintiff owns a series of highly popular and recognizable home workout and personal health mobile applications.

11. Plaintiff uses multiple logos for its family of fitness and health mobile applications, including but not limited to the following trademarks, among many others:

   

12. Plaintiff and its predecessors first started creating and using common logos for its family of fitness and health mobile applications at least as early as 2016, with the trademark icons identified above being used at least as early as 2018. Plaintiff and its predecessors have consistently used a common theme with the trademarks for its family of fitness and health mobile applications that consumers have come to recognize as being associated with and produced by Plaintiff.

13. In order to demonstrate the common and recognizable theme and style of Plaintiff's trademarks, other examples of the various trademarks used by Plaintiff in commerce include, but are not limited to, the following images:



14. Plaintiff's predecessor filed Trademark Application No. 87871921 on April 11, 2018. The trademark application matured into Registration No. 5601295 on November 6, 2018. Plaintiff's predecessor assigned Registration No. 5601295 to Plaintiff on October 8, 2022.

15. Registration No. 5601295 is registered for the goods in International Class 009 for "Downloadable mobile applications for providing 30 day workout routines for building arms muscles; Downloadable mobile applications for providing Animations and Video Guides for building arms muscles; Downloadable mobile applications for Personal Trainer at home; Downloadable mobile applications for providing arm workout Plan with Different Levels; Downloadable mobile applications for recording training progress and reminding workout routines."

16. Plaintiff's predecessor filed Trademark Application No. 88020596 on June 29, 2018. The trademark application matured into Registration No. 5649291 on January 8, 2019. Plaintiff's predecessor assigned Registration No. 5649291 to Plaintiff on October 8, 2022.

17. Registration No. 5649291 is registered for the goods in International Class 009 for "Downloadable mobile applications for providing guidance for losing belly fat and getting a flatter tummy; Downloadable mobile applications for providing guidance for fat burning workouts and tracking weight loss progress and calories burned; Downloadable mobile applications for providing animation and video guidance for belly fat loss and building belly muscles; Downloadable mobile applications for providing health tips for developing a balanced diet for weight loss and good health."

18. Plaintiff's predecessor filed Trademark Application No. 90581753 on March 16, 2021. The trademark application matured into Registration No. 6643756 on February 15, 2022. Plaintiff's predecessor assigned Registration No. 6643756 to Plaintiff on October 8, 2022.

19. Registration No. 6643756 is registered for the goods in International Class 009 for "Downloadable mobile applications for customizing training plans for weight loss; Downloadable mobile applications for providing training guidelines for weight loss; Downloadable mobile applications for providing coaching tips and demo videos for weight loss; Downloadable mobile applications for providing health tips for weight loss; Downloadable mobile applications for tracking weight loss progress and calories burned; Downloadable mobile applications for guiding fat loss workouts."

20. Plaintiff's predecessor filed Trademark Application No. 88020627 on June 29, 2018. The trademark application matured into Registration No. 5649292 on January 8, 2019. Plaintiff's predecessor assigned Registration No. 5649292 to Plaintiff on October 8, 2022.

21. Registration No. 5649292 is registered for the goods in International Class 009 for "Downloadable mobile applications for providing guidance for losing belly fat and getting a flatter tummy; Downloadable mobile applications for providing guidance for fat burning workouts and tracking weight loss progress and calories burned.; Downloadable mobile applications for providing animation and video guidance for belly fat loss and building belly muscles.; Downloadable mobile applications for providing health tips for developing a balanced diet for weight loss and good health."

22. Plaintiff is also the owner of multiple color trademarks, including Trademark Registration Nos. 6708654, 6708653, 6643952, and 6643756 for the following trademarks, respectively:

   

23. Plaintiff's color trademarks demonstrate Plaintiff's protection of its choice of colors for Plaintiff's family of trademarks for its fitness and health mobile applications.

24. Plaintiff's products are available through the Google Play store offered by Simple Design, Ltd. or by Leap Fitness Group, which are authorized to use the trademarks. Since launching its first fitness and health mobile application in approximately 2016, Plaintiff and Plaintiff's predecessor have spent significant time, effort, and resources building its family of fitness and health mobile applications into one of the best and most popular fitness and health mobile applications available. As of January of 2023, Plaintiff's family of fitness and health mobile applications have amassed hundreds of millions of downloads and still largely boasts impressive ratings of 4.8/5 and higher.

25. On information and belief, Defendant created their own fitness and health mobile applications, named "Workout App for Women: Fitness" and "Arm Workout - Biceps at Home", that were released on Google Play on or about December of 2020 and May of 2019, respectively. Defendant's mobile applications currently use or recently used the following icons, which are confusingly similar to Plaintiff's icons and family of registered trademarks:

  

26. Defendant only created its fitness and health mobile applications after Plaintiff began providing the same type of mobile applications and Plaintiff's mobile applications had already become largely popular and successful.

27. Defendant's description of its mobile applications specifically describes the purpose and functions of the mobile applications as being for losing weight and burning fat and for building arm muscles, amongst other purposes.

28. Plaintiff's trademark registrations include mobile applications for losing weight, burning fat, and building arm muscles, amongst other purposes.

29. Both Plaintiff's and Defendant's mobile applications target the same consumers, namely, consumers looking for mobile applications to help better their physical health by losing weight, burning fat, or increasing their arm muscles.

30. Both Plaintiff's and Defendant's mobile applications are provided through the same channels of trade, namely, the Google Play store.

31. Defendant's icons utilize the same color scheme, namely people wearing black workout clothes in front of a red and/or red-orange background, as used by Plaintiff, or confusingly similar to Plaintiff, and recognized by consumers as being distinctive of Plaintiff's mobile applications.

32. On information and belief, Defendant also published icons utilizing the same color scheme and similar drawings of people in front of a red and/or red-orange background, as used by Plaintiff, in other regions, showing the clear pattern of Defendant's intentional repeated infringement. The icons being used in other

regions, which are confusingly similar to Plaintiff's icons and family of registered trademarks:

 

33. Everything in Defendant's mobile applications represents a clear attempt to use Plaintiff's hard-earned popularity and goodwill in a willful and deliberate attempt to try to obtain potential users, and revenue, based off of Plaintiff's reputation and family of fitness and health mobile applications.

34. Plaintiff has been attempting to work with Defendant to change the infringing icons, but Defendant continues to make false promises to change the icons, reverts icons back to infringing icons, and has only continued the infringement.

35. Plaintiff has no reason to believe Defendant is genuine in its actions or promises to change the infringing icons when no such changes have occurred for months despite the promises to do so.

36. Defendant's repeated and ongoing failure to take appropriate remedial actions as claimed, along with Defendant's continued infringing actions, displays a willful intention to confuse the consuming public and to benefit from Plaintiff's hard-earned goodwill. Defendant's conduct is a clear indication of Defendant's complete disregard for Plaintiff's intellectual property rights.

37. Plaintiff has the authority and right to enforce various valid United States copyrights for 3D artwork, 2D artwork, and for computer software and source code relating to its fitness and health mobile applications. These copyright

registrations include, but are not limited to, U.S. Copyright Registration No. VA 2-123-287.

38. In order to demonstrate the common and recognizable theme and style of Plaintiff's copyrights, other examples of the various copyrights used by Plaintiff in commerce include, but are not limited to, the following images:



# FIRST CLAIM

## Trademark Infringement – Lanham Act § 32(1), 15 U.S.C. § 1114(1)

39. Plaintiff hereby re-alleges and incorporates each and every allegation set forth in Paragraphs 1-38 as if the same was more fully set forth herein.

40. Plaintiff owns the Trademark Registration Nos. 5601295, 5649291, 6643756, 5649292 and more (collectively "Plaintiff's Trademarks").

41. By virtue of Plaintiff's Trademarks, Defendant had constructive notice of Plaintiff's rights in Plaintiff's Trademarks.

42. Plaintiff has also informed Defendant of Plaintiff's rights and ownership of Plaintiff's Trademarks on numerous occasions. Therefore, Defendant had actual knowledge of the infringement and deliberately, intentionally, and willfully chose to disregard Plaintiff's intellectual property rights.

43. Defendant's use of the confusingly similar icons in connection with identical and highly related goods, namely, fitness and health mobile applications for

weight loss, fat burning, and building arm muscles, is likely to cause confusion, cause mistake, and/or deceive consumers and the purchasing public as to affiliation, connection, or association of Plaintiff and Defendant and as to the origin, sponsorship, or approval of Defendant's goods with Plaintiff.

44. Defendant provides its goods to identical consumers as Plaintiff's goods and uses the identical trade channel of the Google Play store to reach said consumers.

45. Defendant's use of the confusingly similar icons also attempts to confuse and deceive consumers into downloading Defendant's mobile applications when the consumers were in fact looking for Plaintiff's family of mobile applications. Defendant is using Plaintiff's hard-earned reputation and goodwill to deceive consumers into downloading Defendant's mobile application, at the expense of Plaintiff.

46. Defendant's aforesaid acts have caused and will continue to cause Plaintiff to suffer damages and irreparable injury, and unless such acts are restrained by this Court through preliminary and/or permanent injunctive relief, such acts will be continued, and Plaintiff will continue to suffer damages and irreparable injury.

47. Plaintiff is entitled to damages in accordance with 15 U.S.C. 1117(a) to recover Defendant's profits resulting from the infringement and actual damages sustained by Plaintiff, both to be proven at trial, as well as costs of the case.

48. Defendant's willful, deliberate, and intentional infringement, even after Plaintiff attempted to contact Defendant on multiple occasions, makes this case exceptional and entitles Plaintiff to reasonable attorney's fees.

///

///

## SECOND CLAIM

## California Common Law Trademark Infringement

49. Plaintiff hereby re-alleges and incorporates each and every allegation set forth in Paragraphs 1-38 as if the same was more fully set forth herein.

50. Plaintiff owns California common law trademark rights for Plaintiff's Trademarks in connection with Plaintiff's fitness and health mobile applications.

51. Plaintiff's rights in Plaintiff's Trademarks predate any use by Defendant of the confusingly similar icons. In that time, Plaintiff's Trademarks were used in connection with its fitness and health mobile applications and downloaded by hundreds of millions of users, many of which reside in California.

52. Defendant had both constructive knowledge of Plaintiff's trademark rights through Plaintiff's trademark registrations and actual knowledge of Plaintiff's trademark rights through Plaintiff's direct correspondence with Defendant through Defendant's own provided contact information on the Google Play store.

53. Defendant's use of the confusingly similar icons in California commerce in connection with identical goods, namely, fitness and health mobile applications, is likely to cause confusion, cause mistake, and/or deceive consumers and the purchasing public as to affiliation, connection, or association of Plaintiff and Defendant and as to origin, sponsorship, or approval of Defendant's goods with Plaintiff.

54. Defendant's use of the confusingly similar icons attempts to confuse and deceive consumers into downloading Defendant's mobile applications when the consumers were in fact looking for Plaintiff's mobile applications. Defendant is using Plaintiff's hard-earned reputation and goodwill to deceive consumers into

downloading Defendant's mobile application, at the expense of Plaintiff.

55. Defendant provides its goods to identical consumers as Plaintiff's goods and uses the identical trade channel of the Google Play store to reach said consumers.

56. Defendant's conduct has infringed and continues to infringe Plaintiff's trademark rights under California common law.

57. Defendant's aforesaid acts have caused and will continue to cause Plaintiff to suffer damages and irreparable injury, and unless such acts are restrained by this Court through preliminary and/or permanent injunctive relief, such acts will be continued, and Plaintiff will continue to suffer damages and irreparable injury.

58. Plaintiff is entitled to damages to recover Defendant's profits resulting from the infringement and actual damages sustained by Plaintiff, both to be proven at trial, as well as costs of the case.

59. Defendant has acted with malice, oppression, and fraud, as defined in California Civil Code § 3294, and willfully and with the intent to cause injury to Plaintiff, thereby warranting an assessment of punitive damages in an amount appropriate to punish each Defendant and to deter others from engaging in similar conduct.

## THIRD CLAIM

### Federal Copyright Infringement – 17 U.S.C § 501, *et seq.*

60. Plaintiff hereby re-alleges and incorporates each and every allegation set forth in Paragraphs 1-38 as if the same was more fully set forth herein.

61. Plaintiff is authorized and has rights to enforced various valid United States copyrights for 3D artwork, 2D artwork, and for computer software and source code relating to its fitness and health mobile applications. Plaintiff's copyright registrations include, but are not limited to, U.S. Copyright Registration No. VA

2-123-287.

62. Defendant's mobile applications provide icon images that are substantially similar to Plaintiff's copyrighted 2D and/or 3D artwork registered with the United States Copyright Office.

63. Defendant's aforesaid acts have caused and will continue to cause Plaintiff to suffer damages and irreparable injury, and unless such acts are restrained by this Court through preliminary and/or permanent injunctive relief, such acts will be continued, and Plaintiff will continue to suffer damages and irreparable injury. Plaintiff is entitled to injunctive relief through 17 U.S.C. § 502.

64. Defendant's willful, deliberate, and intentional infringement, even after Plaintiff attempted to contact Defendant on multiple occasions, allows for Plaintiff to recover up to $150,000.00 in statutory damages pursuant to 17 U.S.C. § 504(c).

## FOURTH CLAIM

**Federal Unfair Competition – Lanham Act Section 43(a), 15 U.S.C § 1125**

65. Plaintiff hereby re-alleges and incorporates each and every allegation set forth in Paragraphs 1-38 as if the same was more fully set forth herein.

66. Defendants engaged in unfair competition in violation of Section 43(a) of the Lanham Act, 15 U.S.C. Section 1125(a)(1) by falsely and in bad faith using confusingly similar icons to Plaintiff's Trademarks and using identical goods and identical channels of trade as Plaintiff's Trademarks and mobile applications.

67. Defendant's use of the confusingly similar icons in commerce in connection with identical goods, namely, fitness and health mobile applications, is likely to cause confusion, cause mistake, and/or deceive consumers and the purchasing public as to affiliation, connection, or association of Plaintiff and Defendant and as to

origin, sponsorship, or approval of Defendant's goods with Plaintiff.

68. Defendant's use of the confusingly similar icons attempts to confuse and deceive consumers into downloading Defendant's mobile applications when the consumers were in fact looking for Plaintiff's mobile applications. Defendant is using Plaintiff's hard-earned reputation and goodwill to deceive consumers into downloading Defendant's mobile applications, at the expense of Plaintiff.

69. Defendant's aforesaid acts have caused and will continue to cause Plaintiff to suffer damages and irreparable injury, and unless such acts are restrained by this Court through preliminary and/or permanent injunctive relief, such acts will be continued, and Plaintiff will continue to suffer damages and irreparable injury.

70. Plaintiff is entitled to damages in accordance with 15 U.S.C. 1117(a) to recover Defendant's profits resulting from the infringement and actual damages sustained by Plaintiff, both to be proven at trial, as well as costs of the case.

71. Defendant's willful, deliberate, and intentional infringement, even after Plaintiff attempted to contact Defendant on multiple occasions, makes this case exceptional and entitles Plaintiff to reasonable attorney's fees.

## FIFTH CLAIM

## California Unfair Competition – California Business & Professions Code § 17200, *et seq*.

72. Plaintiff hereby re-alleges and incorporates each and every allegation set forth in Paragraphs 1-38 as if the same was more fully set forth herein.

73. As detailed throughout this Complaint, Defendant has infringed Plaintiff's Trademarks and copyright rights by using the confusingly similar icons in connection with identical goods, namely, fitness and health mobile applications,

which uses identical channels of trade and targets identical consumers.

74. Defendant's acts and conduct constitute "unlawful, unfair, or fraudulent business act[s] or practice[s] and unfair, deceptive, untrue, or misleading advertising" within the meaning of California Business and Professions Code §17200 *et seq*.

75. Defendant's acts and conduct are wrongful, knowing, willing, and malicious, and constitute unfair competition under California law.

76. Defendant's aforesaid acts have caused and will continue to cause Plaintiff to suffer damages and irreparable injury, and unless such acts are restrained by this Court through preliminary and/or permanent injunctive relief, such acts will be continued, and Plaintiff will continue to suffer damages and irreparable injury.

77. Defendant has acted with malice, oppression, and fraud, as defined in California Civil Code § 3294, and willfully and with the intent to cause injury to Plaintiff and with complete disregard to Plaintiff's rights, thereby warranting an assessment of punitive damages in an amount appropriate to punish Defendant and to deter others from engaging in similar conduct.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff prays for judgment against Defendant as follows:

1. For judgment in favor of Plaintiff against Defendant on all claims.

2. That pursuant to 15 U.S.C. § 1116 and its inherent equitable powers, the Court issue a preliminary and permanent injunction restraining and enjoining Defendant from using the

following icons, as well as any icons confusingly similar to Plaintiff's Trademarks:

  

3. That pursuant to 17 U.S.C. § 502 and its inherent equitable powers, the Court issue a preliminary and permanent injunction restraining and enjoining Defendant from providing Defendant's fitness and health mobile applications due to the violation of Plaintiff's U.S. copyright registrations.

4. That pursuant to 15 U.S.C. § 1117(a), Plaintiff recover Defendant's profits, such sums in addition thereto as the Court shall find just, and the costs of this action.

5. Judgment that this case is exceptional, and that the Defendant be ordered to pay all of Plaintiff's attorney fees associated with this action pursuant to 15 U.S.C. 1117(a).

6. That pursuant to California Business & Professions Code § 17200 *et seq.*, Plaintiff be awarded damages in an amount to be proven at trial.

7. That pursuant to California Civil Code § 3294, the Court award punitive damages against Defendant in an amount to be determined by the trier of fact.

8. Statutory damages for willful copyright infringement in the amount of $150,000.00 pursuant to 17 U.S.C. § 504(c).

9. Awarding to Plaintiff damages due to Defendant's improper acts, doubled and/or trebled due to the willful and exceptional nature of the case.

10. Awarding to Plaintiff compensatory, general and special, consequential and incidental damages in any additional, yet currently unknown, amount to be determined at trial.

11. Awarding pre- and post- judgment interest.

12. Awarding Plaintiff such other and further relief as this Court deems is just and proper.

## Jury Trial Demand

Plaintiff hereby demands a jury trial on all issues so triable.

Dated this 26th day of January, 2023.

**BAYRAMOGLU LAW OFFICES LLC.**

By: */s/ David Silver*
DAVID SILVER, ESQ.
(California Bar No. 312445)
david@bayramoglu-legal.com
1540 West Warm Springs Road, Suite 100
Henderson, Nevada 89052

*Attorneys for Plaintiff*