UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES – GENERAL

| Case No. | **2:23-cv-00607-MCS-JPR** | Date | May 24, 2023 |
|---|---|---|---|
| Title | ***Astral IP Enterprise Ltd. v. OHealthApps Studio*** | | |

| Present: The Honorable | Mark C. Scarsi, United States District Judge |
|---|---|

| Stephen Montes Kerr | Not Reported |
|---|---|
| Deputy Clerk | Court Reporter |

| Attorney(s) Present for Plaintiff(s): | Attorney(s) Present for Defendant(s): |
|---|---|
| None Present | None Present |

**Proceedings:    (IN CHAMBERS) ORDER RE: MOTION FOR DEFAULT JUDGMENT (ECF NO. 22)**

Plaintiff Astral IP Enterprise Ltd. moves for default judgment against Defendant OHeathApps Studio. (Mot., ECF No. 22.) Defendant did not oppose the motion and has not otherwise appeared to defend this action. The Court deems the motion appropriate for decision without oral argument. *See* Fed. R. Civ. P. 78(b); C.D. Cal. R. 7-15.

## I.    BACKGROUND

According to the Complaint, "Plaintiff owns a series of highly popular and recognizable home workout and personal health mobile applications" that use several trademarked "logos for its family of fitness and health mobile" apps. (Compl. ¶¶ 10–11.) "Plaintiff's products are available through the Google Play store offered by Simple Design, Ltd. or by Leap Fitness Group, which are authorized to use the trademarks." (*Id.* ¶ 24.) "As of January of 2023, Plaintiff's family of fitness and health mobile applications have amassed hundreds of millions of downloads . . . ." (*Id.*) Plaintiff holds the following federally registered trademarks: U.S. Trademark Registration Numbers 5601295, 5649291, 6643756, and 5649292. (*Id.* ¶ 40.) Plaintiff also "has the authority and right to enforce various valid United

States copyrights for 3D artwork, 2D artwork, and for computer software and source code relating to its fitness and health mobile applications." (*Id.* ¶ 37.) "These copyright registrations include, but are not limited to, U.S. Copyright Registration No. VA 2-123-287." (*Id.*)

"Defendant created their own fitness and health mobile applications, named 'Workout App for Women: Fitness' and 'Arm Workout - Biceps at Home', that were released on Google Play on or about December of 2020 and May of 2019, respectively." (*Id.* ¶ 25.) Plaintiff alleges Defendant used several icons on its apps which "are confusingly similar to Plaintiff's icons and family of registered trademarks." (*Id.*) Plaintiff also claims that Defendant "published icons utilizing the same color scheme and similar drawings of people in front of a red and/or red-orange background, as used by Plaintiff, in other regions." (*Id.* ¶ 32.)

Plaintiff brings causes of action for 1) Lanham Act trademark infringement, 15 U.S.C. § 1114(1); 2) California common law trademark infringement, 3) federal copyright infringement, 17 U.S.C § 501 *et seq.*; 4) Lanham Act unfair competition, 15 U.S.C § 1125; and 5) violation of the California Unfair Competition Law, Cal. Bus. & Prof. Code § 17200 *et seq.* (*Id.* ¶¶ 39–77.)

## II.    LEGAL STANDARD

Federal Rule of Civil Procedure 55(b)(2) permits the Court to enter default judgment. The Court need not make detailed findings of fact in the event of default. *Adriana Int'l Corp. v. Thoeren*, 913 F.2d 1406, 1414 (9th Cir. 1990). On entry of default, well-pleaded allegations in the complaint concerning liability are taken as true. Damages, however, must be proven. *Garamendi v. Henin*, 683 F.3d 1069, 1080 (9th Cir. 2012) (citing *Geddes v. United Fin. Grp.*, 559 F.2d 557, 560 (9th Cir. 1977)).

Courts consider several factors in determining whether to enter default judgment: "(1) the possibility of prejudice to the plaintiff, (2) the merits of plaintiff's substantive claim, (3) the sufficiency of the complaint, (4) the sum of money at stake in the action[,] (5) the possibility of a dispute concerning material facts[,] (6) whether the default was due to excusable neglect, and (7) the strong policy underlying the Federal Rules of Civil Procedure favoring decisions on the merits." *Eitel v. McCool*, 782 F.2d 1470, 1471–72 (9th Cir. 1986).

Local Rule 55-1 requires the party seeking default judgment to submit a declaration establishing 1) when and against which party the default was entered;

2) the identification of the pleading to which default was entered; 3) whether the defaulting party is an infant or incompetent person, and if so, whether that person is represented by a general guardian, committee, conservator, or other representative; 4) that the Servicemembers Civil Relief Act does not apply; and 5) that the defaulting party was properly served with notice.  C.D. Cal. R. 55-1.

## III.    DISCUSSION

### A.    Jurisdiction, Service of Process, and Local Rule 55-1

The Court first addresses whether it may exercise subject-matter jurisdiction over the claims, personal jurisdiction over Defendant, and whether Plaintiff properly served Defendant.  *See In re Tuli*, 172 F.3d 707, 710–12 (9th Cir. 1999).  The Court has subject-matter jurisdiction over Plaintiff's federal trademark and copyright claims, 28 U.S.C. § 1338(a), and supplemental jurisdiction over Plaintiff's state law claims, 28 U.S.C. § 1367.

The Court may exercise specific personal jurisdiction over Defendant. Depending on the nature and extent of a defendant's contacts, if any, with a forum state, the appropriate exercise of personal jurisdiction may be either general—that is, the party is subject to any claims in that forum—or specific—that is, the party is subject only to claims arising out of its forum-related activities.  *See Goodyear Dunlop Tires Operations, S.A. v. Brown*, 564 U.S. 915, 919 (2011).  The Ninth Circuit employs a three-prong test to analyze whether a court may exercise specific jurisdiction over an out of state defendant:

> (1) The non-resident defendant must purposefully direct his activities or consummate some transaction with the forum or resident thereof; or perform some act by which he purposefully avails himself of the privilege of conducting activities in the forum, thereby invoking the benefits and protections of its laws;
> (2) the claim must be one which arises out of or relates to the defendant's forum-related activities; and
> (3) the exercise of jurisdiction must comport with fair play and substantial justice, i.e. it must be reasonable.

*Schwarzenegger*, 374 F.3d at 802 (citation omitted).

Plaintiff states "Defendant transacted and conducted, and continues to transact and conduct, business in this judicial district, purposefully availing itself of the

benefits and laws of this judicial district and purposefully directing significant and substantive contacts at this judicial district." (Compl. ¶ 8.) Plaintiff also alleges that "Defendant maintains ongoing contractual relationships within this district and conducts or solicits business within this district. Defendant directly and/or through intermediaries, offers for sale, sells, and advertises its products that are pertinent to this action within this district." (*Id.*) The first prong of the *Schwarzenegger* test is satisfied because Defendant has "performed some type of affirmative conduct which allows or promotes the transaction of business within the forum state." *Boschetto v. Hansing*, 539 F.3d 1011, 1016 (9th Cir. 2008) (internal quotation marks omitted). Plaintiff's claim arises from Defendant's use of the infringing icons in this forum, so the second prong is satisfied. The third prong is satisfied because Defendant has provided no evidence suggesting the exercise of personal jurisdiction would be unreasonable. *Schwarzenegger*, 374 F.3d at 802.

Defendant was properly served. The Court authorized Plaintiff to serve Defendant via email pursuant to Federal Rule of Civil Procedure 4(f)(3) and 4(h)(1)(A). (Order, ECF No. 16.) Plaintiff filed proof that the summons, a copy of the Complaint, and the Order authorizing alternative service were sent via email the addresses authorized in the Order. (Proof of Service, ECF No. 17.)

Finally, Plaintiff's declaration satisfies the procedural requirements of Local Rule 55-1. (*See* Silver Decl., ECF No. 22-2.) Defendant is not an infant or incompetent, and the Servicemembers Civil Relief Act does not apply. (*Id.* ¶ 7.)

The Court thus concludes that it can properly consider the entry of default judgment against Defendant.

**B.    *Eitel* Factors**

    1.    <u>Prejudice to Plaintiffs</u>

Under the first factor, the Court should determine whether Plaintiff will be prejudiced if the Court does not enter default judgment. *Eitel*, 782 F.2d at 1471. Plaintiff would suffer prejudice if the default judgment is not entered because it "would be denied the right to judicial resolution of the claims presented, and would be without other recourse for recovery." *Elektra Ent. Grp. Inc. v. Crawford*, 226 F.R.D. 388, 392 (C.D. Cal. 2005). "Defendant has not appeared in this action," and "a default judgment is the only means available for compensating Plaintiff for Defendant['s] violations." *Amini Innovation Corp. v. KTY Int'l Mktg.*, 768 F. Supp.

2d 1049, 1054 (C.D. Cal. 2011). "If the Court does not enter a default judgment, it will allow Defendant to avoid liability by not responding to Plaintiff's claims." *Id.* Accordingly, the first factor weighs in favor of granting default judgment.

### 2.    Merits of Plaintiff's Claims and Sufficiency of Complaint

The second and third *Eitel* factors require that the plaintiff "state a claim on which the [plaintiff] may recover." *Philip Morris USA, Inc. v. Castworld Prods., Inc.*, 219 F.R.D. 494, 499 (C.D. Cal. 2003) (alteration in original) (quoting *PepsiCo, Inc. v. Cal. Sec. Cans*, 238 F. Supp. 2d 1172, 1175 (C.D. Cal. 2002)). Plaintiff seeks default judgment on its Lanham Act claims for trademark infringement and unfair competition, California common law trademark infringement, federal copyright infringement, and California unfair competition claims. (Compl. ¶¶ 39–77.)

#### a.    *Trademark Infringement and Unfair Competition*

The essential elements of Plaintiff's trademark infringement and unfair competition claims are identical. *See Jada Toys, Inc. v. Mattel, Inc.*, 518 F.3d 628, 631–32 (9th Cir. 2008) (noting that claims for trademark infringement, false designation of origin, and unfair competition are "subject to the same test"); *see also Cleary v. News Corp.*, 30 F.3d 1255, 1262–63 (9th Cir. 1994) ("This Circuit has consistently held that state common law claims of unfair competition and actions pursuant to California Business and Professions Code § 17200 are 'substantially congruent' to claims made under the Lanham Act."); *Grey v. Campbell Soup Co.*, 650 F. Supp. 1166, 1173 (C.D. Cal. 1986) ("The tests for infringement of a federally registered mark under [Lanham Act] § 32(1), 15 U.S.C. § 1114(1), infringement of a common law trademark, unfair competition under [Lanham Act] § 43(a), 15 U.S.C. § 1125(a), and common law unfair competition involving trademarks are the same: whether confusion is likely."), *aff'd*, 830 F.2d 197 (9th Cir. 1987).

To establish a trademark infringement or unfair competition claim, a plaintiff must establish that the defendant is using a mark confusingly similar to a valid, protectable trademark belonging to the plaintiff. *Brookfield Commc'ns, Inc. v. W. Coast Ent. Corp.*, 174 F.3d 1036, 1046 (9th Cir. 1999). The Complaint states that "Plaintiff owns the Trademark Registration Nos. 5601295, 5649291, 6643756, [and] 5649292." (Compl. ¶ 40.) Plaintiff's federal registration of its marks is prima face evidence of a valid trademark. *See Applied Info. Scis. Corp. v. eBay, Inc.*, 511 F.3d 966, 970 (9th Cir. 2007). Plaintiff has therefore demonstrated a valid, protectable interest in the subject marks.

As to the second element, Plaintiff alleges that

> Defendant's use of the confusingly similar icons in
> connection with identical and highly related goods, namely,
> fitness and health mobile applications for weight loss, fat
> burning, and building arm muscles, is likely to cause
> confusion, cause mistake, and/or deceive consumers and the
> purchasing public as to affiliation, connection, or association
> of Plaintiff and Defendant and as to the origin, sponsorship,
> or approval of Defendant's goods with Plaintiff.

(Compl.¶ 43.)  Allegations of consumer confusion in a complaint are accepted as
true when evaluating a motion for default judgment in a trademark infringement
case.  *See PepsiCo*, 238 F. Supp. 2d at 1176.  As a result, the second element is
satisfied.

The Court finds that Plaintiff has demonstrated the second and third *Eitel*
factors favor granting default judgment as to Plaintiff's trademark and unfair
competition claims.

### b.    Copyright

"To prove copyright infringement, a plaintiff must demonstrate (1) ownership
of the allegedly infringed work and (2) copying of the protected elements of the work
by the defendant."  *Unicolors, Inc. v. Urban Outfitters, Inc.*, 853 F.3d 980, 984 (9th
Cir. 2017) (internal quotation marks omitted).  "Copying may be established by
showing that the infringer had access to plaintiff's copyrighted work and that the
works at issue are substantially similar in their protected elements."  *Cavalier v.
Random House, Inc.*, 297 F.3d 815, 822 (9th Cir. 2002).  Allegations of copying set
forth in a complaint are accepted as true when evaluating a motion for default
judgment in a copyright infringement case.  *See Amini Innovation Corp. v. KTY Int'l
Mktg.*, 768 F. Supp. 2d 1049, 1054 (C.D. Cal. 2011).

Here, Plaintiff alleges it "is authorized and has rights to enforced various valid
United States copyrights for 3D artwork, 2D artwork, and for computer software and
source code relating to its fitness and health mobile applications" protected under
U.S. Copyright Registration No. VA 2-123-287.  (Compl. ¶ 61.)  Plaintiff also alleges
that "Defendant's mobile applications provide icon images that are substantially
similar to Plaintiff's copyrighted 2D and/or 3D artwork registered with the United
States Copyright Office."  (*Id.* ¶ 62.)

The Court finds that Plaintiff has demonstrated the second and third *Eitel* factors favor granting default judgment as to Plaintiff's copyright infringement claims.

### 3. Sum of Money at Stake

In the fourth *Eitel* factor, the Court balances "the amount of money at stake in relation to the seriousness of Defendant's conduct." *PepsiCo*, 238 F. Supp. 2d at 1176. "In the instant case, Plaintiff[ is] not seeking monetary damages. [Plaintiff] seek[s] only injunctive relief from the continued use of their trademarks on Defendant's counterfeit products. Accordingly, this factor favors granting default judgment." *Id.* at 1076–77.

### 4. Possibility of Dispute

The fifth *Eitel* factor examines whether there is likelihood of a dispute of material facts. *Eitel*, 782 F.2d at 1471–72. Upon entry of default, the Court accepts all well-pleaded facts as true. *Garamendi*, 683 F.3d at 1080. As such, when a plaintiff pleads the facts necessary to prevail, there is little possibility of dispute over material facts. *Castworld*, 219 F.R.D. at 500. As discussed above, Plaintiff's Complaint adequately alleges trademark infringement, unfair competition, and copyright infringement, so the possibility of dispute is remote.

### 5. Possibility of Excusable Neglect

The sixth *Eitel* factor considers whether a defendants' actions may be due to excusable neglect. *Eitel*, 782 F.2d at 1472. There is little possibility of excusable neglect when the defendant is properly served or is aware of the litigation. *Wecosign, Inc., v. IFG Holdings, Inc.*, 845 F. Supp. 2d 1072, 1082 (C.D. Cal. 2012). Plaintiff properly served Defendant, (Proof of Service; Order), rendering the possibility of excusable neglect minimal.

### 6. Policy Favoring Decisions on the Merits

"Cases should be decided upon their merits whenever reasonably possible." *Eitel*, 782 F.2d at 1472. "However, the mere existence of Fed. R. Civ. P. 55(b) indicates that this preference, standing alone, is not dispositive." *PepsiCo*, 238 F. Supp. 2d at 1177 (internal quotation marks omitted). Defendant failed to respond to

Plaintiff's Complaint or offer any defense in this matter, precluding a decision on the merits. This factor does not preclude entry of default judgment. *See id.*

\*\*\*

Weighing the *Eitel* factors, the Court finds that default judgment is appropriate.

## C.    Remedy

"Despite the allegations of damages in the Complaint, Plaintiff has decided to forego a damages calculation in favor of seeking permanent injunctive relief and is not requesting any damages." (Mot. 23.) The Lanham Act permits a court to enter an injunction "to prevent the violation of any right of the registrant of a mark registered in the Patent and Trademark Office." 15 U.S.C § 1116(a). Plaintiff may properly seek permanent injunctive relief by demonstrating: 1) "it has suffered an irreparable injury;" 2) "remedies available at law, such as monetary damages, are inadequate to compensate for that injury;" 3) "considering the balance of hardships between the plaintiff and defendant, a remedy in equity is warranted;" and 4) "the public interest would not be disserved by a permanent injunction." *eBay Inc. v. MercExchange, L.L.C.*, 547 U.S. 388, 391 (2006).

With respect to the first factor, a plaintiff seeking an injunction under the Lanham Act "shall be entitled to a rebuttable presumption of irreparable harm upon a finding of a violation identified in this subsection in the case of a motion for a permanent injunction." 15 U.S.C. § 1116(a). As discussed above, Plaintiff has adequately pleaded its claims of trademark infringement under the Lanham Act. "Plaintiff has also appropriately demonstrated that legal remedies would be inadequate because, per *Century 21 Real Est. Corp. v. Sandlin*, 846 F.2d 1175, 1180 (9th Cir. 1988), '[i]njunctive relief is the remedy of choice for trademark and unfair competition cases, since there is no adequate remedy at law for the injury caused by a defendant's continuing infringement.'" *Blumenthal Distrib., Inc. v. Comoch Inc.*, __ F.Supp.3d __, No. No.: 5:21-cv-00829-FWS-SHK, 2023 WL 2356713, at \*11 (C.D. Cal. Jan. 24, 2023) (alteration in original). The balance of hardships weighs in favor of Plaintiff because Plaintiff will lose profits and goodwill without an injunction, while an injunction will only proscribe [Defendant's] infringing activities." *Id.* (internal quotation marks omitted). (*See* Compl. ¶ 45 ("Defendant is using Plaintiff's hard-earned reputation and goodwill to deceive consumers into downloading Defendant's mobile application, at the expense of Plaintiff.")). Finally,

the public interest would be served because "[a]n injunction that prevents consumer confusion in trademark cases, as this injunction does, serves the public interest." *Am. Rena Int'l Corp. v. Sis-Joyce Int'l Co.*, 534 F. App'x 633, 636 (9th Cir. 2013).

There is no presumption of irreparable harm in copyright cases. *Metro-Goldwyn-Mayer Studios, Inc. v. Grokster, Ltd.*, 518 F. Supp. 2d 1197, 1215 (C.D. Cal. 2007). Plaintiff supplied no information explaining why any future "copyright infringement" could not "be redressed via damages." *Id.* As a result, Plaintiff has provided no showing of irreparable harm sufficient to warrant a permanent injunction to remedy copyright infringement. Accordingly, the Court will not enjoin Defendant from infringing Plaintiff's copyrights at this time.

The Court notes that "an injunction must be narrowly tailored to remedy only the specific harms shown by the plaintiffs, rather than to enjoin all possible breaches of the law." *Iconix, Inc. v. Tokuda*, 457 F. Supp. 2d 969, 998 (N.D. Cal. 2006) (cleaned up). Plaintiff's proposed injunction is overbroad and vague, as it does not provide a clear standard by which Defendant or third parties could determine what conduct is prohibited. However, subject to the modifications reflected below, the Court concludes that the injunction is narrowly tailored to prevent Defendant from continuing to infringe Plaintiff's trademarks. *See China Cent. Television v. Create New Tech. (HK) Ltd.*, No. CV 15–01869 MMM (AJWx), 2016 WL 6871281, at *9 (C.D. Cal. Apr. 4, 2016).

The injunction here applies to a third party. District courts have the authority to enjoin non-parties where those parties' activities threaten to undermine the court's ability to bind the parties before it. *FTC v. Productive Mktg., Inc.*, 136 F. Supp. 2d 1096, 1106 (C.D. Cal. 2001); *see also Gucci Am., Inc. v. Wang Huoqing*, No. C–09–05969 JCS, 2011 WL 31191, at *15 (N.D. Cal. Jan. 3, 2011), *R. & R. adopted*, 2011 WL 30972 (N.D. Cal. Jan. 5, 2011) (recognizing a court may enjoin action by a third party if it is "necessary to effectuate the purposes of the injunction."). Additionally, the terms are only applicable if Defendant fails to comply with the Court order. As a result, the permanent injunction remains "narrowly tailored" to address "the specific harms shown by the plaintiff[]." *Iconix*, 457 F. Supp. 2d at 998 (internal quotation marks omitted).

## IV.   CONCLUSION

Plaintiff's motion for default judgment is GRANTED IN PART and DENIED IN PART.  The Court finds that Plaintiff is entitled to a permanent injunction subject to the terms set forth below:

1) Defendants, their affiliates, officers, agents, servants, employees, attorneys, confederates, and all persons acting for, with, by, through, under or in active concert with them are permanently enjoined and restrained from using the , , , or   images, any derivations thereof, and must remove any mobile application or other product using the , , , or  images that is not affiliated or authorized by Plaintiff to be sold or made available for download on Google Play or any other online platform;

2) Defendants, their affiliates, officers, agents, servants, employees, attorneys, confederates, and all persons acting for, with, by, through, under or in active concert with them are permanently enjoined and restrained from further infringing Plaintiff's Registration Nos. 5601295, 5649291, 6643756, or 5649292, or any of Plaintiff's trademarks relating to Plaintiff's family of fitness and health mobile applications and damaging Plaintiff's goodwill and reputation;

3) Defendant shall, within ten (10) business days after receipt of such notice, remove its infringing mobile applications from any other online platform which Defendant's mobile applications may be available;

4) Should Defendant's infringing mobile applications remain active on any online platform after ten (10) business days following Defendant's receipt of this Order, and upon Plaintiff's request, the online platforms (collectively, the "Third-Party Providers"), shall, within ten (10) business days after receipt of such request by Plaintiff, remove Defendant's infringing mobile applications from the Third-Party Provider's respective online platform.

**IT IS SO ORDERED.**